### (May 20, 1958)

■ In the Matter of JOHN H. MELISH, Petitioner, against EDWARD G. BAKER, as Justice of the Supreme Court, et al., Respondents.— Application by respondent Baker for an order dismissing the petition as a matter of law (Civ. Prac. Act, § 1293) denied, without costs; said respondent's time to answer the petition is extended until five days after the entry of the order hereon. Nolan, P. J., Wenzel and Kleinfeld, JJ., concur; Murphy and Hallinan, JJ., dissent and vote to grant the application to dismiss the petition, with the following memorandum: In accordance with the determination in *Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish* (4 A D 2d 256, affd. 3 N Y 2d 476), the judgment entered June 27, 1957 declared Herman S. Sidener, a plaintiff in that action and a respondent in this proceeding, to be the duly elected, approved and installed rector and adjudged that he had the use and control of the church and parish buildings, as provided by canon 45 of the Canons of the General Convention of the Protestant Episcopal Church. In his order, made pursuant to section 985 of the Civil Practice Act, the respondent Baker acted well within the scope of the judgment in directing the respondent sheriff, after the expiration of a certain time, to put the respondent Sidener in possession of the rectory. As a person not bound by the provisions of the judgment because not joined as a party to the action, the petitioner, if deprived of any right by the judgment, was entitled to relief. But whether that relief should have been sought by application to modify the judgment or by the present proceeding, it was incumbent upon the petitioner to show that his claim of right had substance. However, there is no merit to his claim that he is entitled to continue occupancy of the rectory by virtue of a resolution adopted in 1951. The petitioner ceased to be rector of the church as of April 4, 1949 (*Rector, Churchwardens & Vestrymen of Church of Holy Trinity* v. *Melish*, 194 Misc. 1006 [April, 1949], affd. 276 App. Div. 1088, appeal dismissed 301 N. Y. 679, cert. denied 340 U. S. 936). As a minister he was subject to the jurisdiction of his Bishop, who has directed him to vacate the premises. Assuming that the 1951 resolution had efficacy, it was impliedly revoked by the election of the respondent Sidener as rector in February, 1956, whereby under canon law he became entitled to the use and control of the church and parish buildings.